ROBERT DAVIS v. THE STATE.

*No. 622. Decided October 25.*

1. **Theft of Money — Allegata and Probata — Variance.**—Where an indictment for theft of money, partly United States currency and partly gold coin of the United States, alleged, that the number and size of the bills and the number and size of the pieces was unknown to the grand jury, but which indictment also alleged the theft of " fifty dollars in silver money coin of the United States, of the value of fifty dollars, the size and value of each piece being unknown to the grand jurors," and the evidence adduced tending to show that some of the pieces of gold coin could have been particularly described by the use of ordinary diligence, it was objected that there was consequently a fatal variance between the allegation and proof: *Held*, that the objection, if well taken, could avail the defendant nothing, in view of the fact that no variance was claimed or

pretended as to the fifty dollars in silver, which, if stolen, would make the crime a felony, whether or not defendant stole the gold or paper money.

2. **Evidence.**—Evidence of the theft of gold and paper money is admissible on a trial for theft of silver, all the money having been taken at one and the same time, and by one act.

3. **Argument of Counsel — Practice.**— In order to avail, on appeal, of illegal and unwarranted remarks of counsel in argument, it must appear that the trial court was asked to stop counsel, and was requested to instruct the jury to disregard the remarks.

APPEAL from the District Court of Cooke.    Tried below before Hon. D. E. BARRETT.

This appeal is from a judgment of conviction for theft of money, the punishment assessed being two years in the penitentiary.

No statement necessary.

No brief for appellant is found with the record.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant prosecutes this appeal from a conviction of theft of money.

The property is described in the indictment as follows, to-wit: Two hundred dollars in United States currency money of the value of two hundred dollars, the number and size of the bills being unknown to the grand jury; two hundred dollars gold coin of the United States money legal tender, of the value of two hundred dollars, the number and size of the pieces and value of each being unknown to the grand jurors; fifty dollars in silver money coin of the United States, of the value of fifty dollars, the size and value of each piece being unknown to the grand jurors.

The evidence tending to show that some of the paper money, as well as some of the gold pieces, could have been particularly described by use of ordinary diligence, counsel for defendant contends constitutes a fatal variance between allegation and proof.    It is not pretended that if Mc-Kinly and Thornton both had been before the grand jury a better description of the fifty dollars in silver could have been given than that set out in the indictment, hence there is no variance nor laches in regard to the silver.    If appellant stole the silver, he is guilty of a felony, whether he took the gold and paper money or not.    Evidence that he committed theft of the gold and paper, whether alleged in the indictment or not, was admissible to prove the theft of the silver, all the money having been taken by one act.    The grand jury was not guilty of negligence, hence the supposed variance is not in this case.    We are not to be understood as holding that the indictment fails to give a sufficient description of the gold and paper money, for we believe it does.

Remarks of counsel complained of were authorized by the evidence in this case; and if not, appellant should have called upon the court to stop counsel and instruct the jury to disregard the remarks.

The testimony, we think, is sufficient to support the conviction. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.