## MOSE STEINER V. THE STATE.

### No. 434.    Decided May 2.

1. **Embezzlement by City Officer—Indictment—Pleading.**—An indictment against a city officer for embezzlement of city funds, drawn under article 786, Penal Code, need not allege that the city was incorporated; nor is it required to set out the ordinance creating defendant an officer, since that is matter of proof.

2. **Same—Misapplication of City Funds.**—An indictment or count of an indictment drawn under article 103 of the Penal Code against a city officer for fraudulent misapplication or conversion of city funds, is sufficient where it alleges that the city is incorporated; that the money was the property of the city; that the money came into possession of the officer by virtue of his office or agency; and that accused converted the money fraudulently to his own use, etc.

3. **Special Instructions—Practice.**—It is not error to refuse special requested instructions where the law announced in said instructions has already been clearly given in the charge of the court.

4. **Charge—Lesser Degree.**—It is not error for the court to fail or refuse to instruct upon a lesser degree of crime where the evidence only proves the greater, if any crime at all be proven.

APPEAL from the District Court of Lavaca. Tried below before Hon. T. H. SPOONER.

This appeal is from a conviction for embezzlement of money over the value of $20, the punishment being assessed at two years' imprisonment in the penitentiary.

The indictment contains two counts, and, omitting the formal allegations, is as follows: "That Mose Steiner, in the county and State aforesaid, on the 1st day of July, 1893, was then and there an officer of the city of Hallettsville, to wit, secretary of said city, and was then

and there superintendent of the waterworks and electric lights of said city; and as secretary and superintendent as aforesaid, was charged with the collection of money belonging to said city, and as such officer, and by virtue of said office and his being superintendent of said waterworks and electric lights aforesaid, there had come into and was in his custody and possession the sum of $200, good and lawful money of the United States of America, and then and there of the value of $200, and which said money was then and there the corporeal personal property of said city of Hallettsville, and said Steiner did then and there unlawfully and fraudulently secrete the same with the intent to convert the same to his, the said Steiner's, own use and benefit, and that the said Steiner did then and there unlawfully and fraudulently take and convert the said money to his own use and benefit. And the grand jurors aforesaid, upon their oaths aforesaid, do further say and charge, that the said Mose Steiner, in the county and State aforesaid, on the said 1st day of July, 1893, was then and there an officer and agent of a certain incorporated institution, to wit, the city of Hallettsville, which was then and there an incorporated city in said county and State; and that the said Steiner did then and there unlawfully and fraudulently embezzle, misapply, and convert to his own use, without the consent of the said incorporated institution, to wit, the city of Hallettsville, certain money of said incorporated institution, to wit, the city of Hallettsville, to wit, $200, good and lawful money of the United States of America, and then and there of the value of $200, which said money had come into the possession of and was under the care of said Steiner by virtue of his said office and agency. Against the peace and dignity of the State."

There was a motion to quash the indictment, which was overruled.

*S. C. Patton,* for appellant.—The court erred in overruling the motion to quash the indictment. Under the statute a city secretary is not authorized to collect moneys unless the same is done by private ordinance. A private statute or ordinance of a city or town must be pleaded and proven. Rev. Stats., arts. 364, 367; Green's Plead., art. 379; Sayles' Plead., art. 10; Sterrett v. City of Houston, 14 Texas, 153.

The court erred in overruling defendant's motion to quash the indictment, made upon the grounds that in its first count it failed to allege that the city of Hallettsville was incorporated. When property alleged to have been stolen or fraudulently appropriated belongs to a corporation, the indictment should allege the act of incorporation.

The indictment in its first count fails to allege that the city of Hallettsville, the alleged owner of the property taken, was incorporated. Thurmond v. The State, 30 Texas Crim. App., 540; Stallings v. The State, 29 Texas Crim. App., 220.

The court erred in overruling defendant's motion to quash the indictment, made on the ground that in its second count it failed to allege the ownership of the money charged to have been embezzled.

In the second count of the indictment, in which it is attempted to charge the defendant with embezzlement, the only allegation of ownership is the following allegation, viz., "Certain money of said incorporated institution, to wit, the city of Hallettsville." Code Crim. Proc., arts. 426, 427; 2 Bish. Crim. Proc., arts. 320, 718; Peacock v. The State, 36 Texas, 647.

· The court erred in permitting the introduction in evidence, over defendant's objection, of an ordinance of the city of Hallettsville electing defendant to the office of superintendent of waterworks and electric lights, for the reason that the same was a private ordinance of the city of Hallettsville, and had not been pleaded in the indictment.

If a pleader relies upon private acts or city ordinances, he must set them up in his pleading before he is authorized to prove them. This indictment fails to plead any city ordinance electing defendant to the office of superintendent of waterworks and electric lights. And upon the trial the State, over the objection of defendant, was permitted and did introduce in evidence an ordinance of the city of Hallettsville electing defendant to said office. 23 Am. and Eng. Encyc. of Law, 288; Green's Plead., art. 379; Sayles' Plead., art. 10; Rev. Stats., art. 1191.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appeal from Lavaca County. The indictment contains two counts. The substance of the first is, that appellant was the secretary of the city of Hallettsville, and was also the superintendent of the waterworks and electric lights of said city, and as such superintendent was charged with the collection of money belonging to said city, and as such officer, and by virtue of said office and being superintendent of said waterworks and electric lights, there came into his possession the sum of $200, the property of the city, and that defendant did secrete for the purpose of converting, and did convert, the sum to his own use and benefit. This count is drawn under Penal Code, article 786, and does not allege that the city was incorporated. This is not necessary. Price v. The State, 41 Texas, 215. Nor does it set out (plead) the ordinance creating appellant secretary and superintendent of waterworks and electric lights of said city. This is not required, but is a matter of proof. The second count is drawn under Penal Code, article 103, and it alleges that the city was incorporated. If the amount embezzled is $20 or over, the punishment is the same under both counts. The second count is based upon article 103. This count alleges the money to be the property of the city; that the

money came into his possession by virtue of his office and agency; that the appellant converted to his own use (fraudulently) the money, etc. These allegations were in proper form, and the count is sufficient. Were these allegations proved on the trial? They were, clearly. Appellant was appointed superintendent of the waterworks and electric lights by ordinance of the city. This ordinance was introduced in evidence over the objections of defendant. In this there was no error. Appellant requested the court to instruct the jury to the effect, that to convict they must find that appellant "fraudulently converted the money to his own use," etc. Such an instruction had very clearly been submitted to the jury in the main charge, and should not have been repeated. Appellant complains because the court failed and refused to submit to the jury the question as to whether a less amount than $20 was or was not, at the same time, converted by appellant, and hence a misdemeanor. All the circumstances tend to present a felony and nothing less, and the court did right in submitting no other offense to the consideration of the jury.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.