## TOM WILLIAMS V. THE STATE.

No. 9002.   Delivered December 9, 1925.

Rehearing denied January 27, 1926.

### 1.—Theft—Evidence—Of Stolen Property—Rule Stated.

'Where, on a trial for theft, the proof shows that the accused was found in possession of a part of the property shown to have been stolen, will support a conviction for taking the whole.  The proof in the instant case showing the loss of 89 chickens the same night, and that appellant was in possession of a load of chickens on the next morning, 40 of which were identified, is sufficient to support a conviction for taking the entire number so lost.  Following Berry v. State, 223 S. W. 213.

### 2.—Same—Value of Property—How Proven.

Where the owner of the chickens that were stolen testified that there was a market value for pedigreed chickens, such as his, in Rockwall County, and that such value was $10.00 each, was sufficient proof of value, and further showing that 20 of the lost chickens were of such kind, would suffice to make the offense a felony.

### 3.—Same—Charge of Court—No Error Shown.

When, on a charge of theft of chickens, the evidence clearly established the loss of the full number of chickens charged to have been stolen, there was no error in the failure of the court to charge the jury that they must find specifically that the full number of chickens charged

to have been stolen were in fact taken, and such failure to so charge would not constitute reversible error as it could result in no injury to appellant.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of theft, penalty three years in the penitentiary.

The opinion states the case.

*Basket & DeLee* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Rockwall County of felony theft, and his punishment fixed at three years in the penitentiary.

The indictment charged theft of 78 chickens. The owner swore to the loss of 89 chickens on the night of the alleged theft, and said they were taken from his chicken house in Rockwall County. Forty of said stolen birds were recovered the next day in Dallas in a produce house, and an employe of the house said he had been dressing chickens out of the same load brought in that morning and had dressed a number with bands on their wings, etc. Proof of the finding of the accused in possession of part of the property alleged to have been stolen, will support a conviction for taking the whole. Berry v. State, 223 S. W. Rep. 213. The proof showing the loss of 89 chickens the same night, and that appellant was in possession of a load of chickens the next morning, 40 of which were identified and a number of which had already been dressed and identification made impossible, would seem sufficient to support a conviction for taking the entire number so lost. The allegation in the indictment being of the taking of 78 chickens, proof of loss embracing 89 chickens would seem to dispose of the contention of appellant that the State, having alleged the value in the aggregate, could only sustain same by proof of the taking of all of the property mentioned.

No exceptions appear to any evidence upon the trial, and none are in the record save those taken to the court's charge, and to the refusal of a peremptory instruction of not guilty. The court seems to have changed his charge as originally prepared, or to have given special charges, to meet the exceptions pre-

sented thereto, and the refusal of the requested peremptory charge was not erroneous.

We are not in accord with the complaint directed at the failure to prove the market value. The owner of the chickens testified that there was a market value for pedigreed chickens, such as his, in Rockwall County, and that it was $10.00 each. The proof showing that 20 of such pedigreed chickens were taken, would suffice to make the offense a felony.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant raises substantially the same matters in his motion that were passed upon by us in our original opinion. We gave careful consideration to each point raised before the original opinion was handed down and see no reason to change our views.

Appellant does, however, complain that we did not consider the question raised as to the failure of the court to require the jury to find specifically that the full number of chickens charged to have been stolen were in fact taken. In view of our conclusion that the evidence fully showed that the full number of chickens charged to have been taken were in fact shown to have been taken, the failure of the court referred to, if in fact such complaint be well founded, would not constitute reversible error inasmuch as it could result in no injury to the appellant.

The motion for rehearing is overruled.

*Overruled.*