DENNIS WATTERS v. THE STATE.

No. 14868.   Delivered February 10, 1932.

The opinion states the case.

*Thos. C. Ferguson,* of Burnet, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, four years in the penitentiary.

On the night of June 2, 1931, forty-four fleeces of wool belonging to S disappeared. Thirty-four of them were in a sack, ten were lying near by. Shortly thereafter the sheriff found in possession of appellant a sack of fleeces which, from evidence found, caused him to arrest appellant and take the wool. S saw it at the jail, and then, and also upon the trial, identified it as his and as part of that taken. So did the Mexican who sheared the sheep. As far as we have been able to tell from the testimony of the two sheriffs,—one of Burnet county and one of Blanco county,—who were the men who found said wool in appellant's possession, he made to them no explanation as to how he came by said wool. They went to appellant's place and wanted to see his wool. He took them out to his barn where they found three full sacks and three pieces. They examined the wool, and in one sack found the wool which was claimed by S when he later saw it. If appellant then made any explanation of his possession of the property, we fail to find it. We find in appellant's cross-examination, when a witness, where he seems to have been taken to task by the state's attorney for not having told the officers where the wool came from.

In his charge the learned trial judge instructed the jury as to the law applicable in cases where reliance is had, in part at least, on possession of recently stolen property, and the explanation then made is in evidence. The giving of this charge was not made the subject of an exception by the appellant. The court also charged the jury as follows: "Possession of stolen property is presumptive evidence of the guilt of the possessor

of the theft. It is merely a circumstance to be considered by the jury in connection with all the evidence adduced. And to warrant an inference or presumption of guilt from the circumstance of possession alone, such possession must be recent, must be personal and exclusive, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant.". An exception was taken to this part of the charge. Said charge has been condemned by this court in the comparatively recent case of Lewis v. State, 102 Texas Crim. Rep., 79, 276 S. W., 1102, as well as in the authorities therein referred to, and also those cited by Mr. Branch in section 2465, page 1336, of his Annotated P. C.

We find nothing calling for the giving of a charge on appellant's explanation of his possession of the alleged stolen properly recently after it disappeared, and when his possession thereof was first challenged, and in view of another trial we call attention to this matter, provided the testimony is similar.

We think it not error to allow witness Moses to testify to the market value of the thirty-four fleeces of wool, it being only a part of the forty-four fleeces alleged to have been taken. We seem to have uniformly held that a jury might infer the taking of the whole of the property lost at the same time, from the fact of the finding in possession of the accused of a part thereof (though this is not a matter which should be stated in the charge). White v. State, 17 Texas App., 188; Gonzales v. State, 18 Texas App., 453; Rose v. State, 52 Texas Crim. Rep., 155, 106 S. W., 143.

Our attention has been called to the proof of the value of the property taken and we confess ourselves somewhat confused by the character of proof made. Reference by a witness for the state to the fact that the "Co-op" would have advanced 90 per cent of the value of the wool, and by another witness that said "Co-op" would have advanced 83 per cent of its value, and that apparently this may have been used by the jury in arriving at the market value of the property, in our opinion may have been confusing. As we read this record the weight of the wool taken was at most 308 pounds, the aggregate weight of forty-four fleeces. Mr. Moses, if we understand him, said its market value at that time was perhaps a little better than sixteen cents per pound. Others who based their estimate on what the Co-op would advance on wool, gave testimony. Some witnesses said wool was selling at twelve to fourteen cents per pound. Since 308 pounds of wool at sixteen cents per pound would amount to $49.28, a sum less than $50, and since the case would be but a misdemeanor if the value of the property be less than $50, it became most material to have before the jury evidence which, instead of tending to confuse the issue of value, would make same plain, and we call attention to the confusing method used in arriving at the value of the wool.

Appellant may be guilty, and we have no expression to make regarding this, but if so, the question of his guilt of a felony or misdemeanor should be clearly put before the jury.

We perceive no affirmative defensive issue in the case, save that the wool in question belonged to appellant. He testified and claimed that it came from his own sheep. His brother seemed to take the same position. He did not claim that he got the wool from any other person, or that it came into his possession by any other means save that it was taken from his own sheep. This is said in view of the statement that complaint is made of the failure of the court to give appellant's affirmative defense in the charge.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*