## BLANT NORTON V. THE STATE.

No. 17728.   Delivered November 13, 1935.
Rehearing Denied January 8, 1936.

The opinion states the case.

*L. H. Welch,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property over the value of fifty dollars and his punishment was assessed at confinement in the State Penitentiary for a term of two years.

The testimony adduced upon the trial is in substance as follows: On the 15th day of September, 1934, and for some time prior thereto T. W. Alderson was employed by the Texas Consolidated Oil Company, in the capacity of pumper, to take care of and look after its property generally. During said time the Company had a two-inch pipe connected up and partially buried on its leased premises but was not being used at the time. Some two days prior to the time of the commission of the alleged offense Mr. Alderson discovered that a few joints of said pipe had been removed from the premises of the Company. On the morning of the day of the alleged offense he inspected

the pipe line and found it all screwed together and in its proper place with the exception of the few joints which had theretofore been removed. On the afternoon of said date, between five and five-thirty o'clock, he went back to the line and found that the pipe had been taken up. He followed the tracks leading away from there and overtook appellant and another person in a Model "T" Ford with ten joints of two-inch pipe on the fenders of his car. The appellant was on the opposite side of the car from Mr. Alderson. When Alderson came within about fifty feet of the Ford car the appellant left it and started across the pasture. A day or two later Alderson found twelve joints of said pipe in some brush not a great distance from appellant's home.

The appellant's defense was that of an alibi which he supported by his own testimony and that of a few other witnesses.

Appellant's first contention is that the court erred in permitting the District Attorney to prove by Mr. Alderson, that in his capacity as an employee of the Company he had charge of and exclusive control of the two-inch pipe and property belonging to his employer. The appellant's objection to said testimony was based upon the ground that it was but a conclusion of the witness. We do not agree with appellant in his contention. It occurs to us that this was a statement of facts within the knowledge of the witness.

Bills of Exception Nos. 2 and 4 are overruled for the same reason as Bill of Exception No. 1.

Bills of Exception Nos. 3 and 5 complain of the action of the trial court in permitting Alderson and Morrow to testify to the value of the second-hand two-inch pipe on the ground that neither of said witnesses were qualified. It is true that Alderson did not show himself qualified to express an opinion as to its value, but we think that Mr. Morrow did and therefore the testimony of Alderson, although error, was harmless error. However, an inspection of the record discloses that appellant, on cross-examination of Alderson, elicited the fact that the value of said pipe was ten cents per foot. Under the circumstances, we are constrained to hold that the appellant's contention is untenable.

By Bills of Exception Nos. 7 and 8 appellant complains of the action of the court in permitting the District Attorney, on cross-examination of appellant's wife, to elicit the following facts: "Our son, Jack Norton, and Garland Cline had been hunting I think; I don't know if they had gone hunting the day before or not; they went that day and they got back that day.

\* \* \* Yes, I remember when Mr. Freeland, the deputy sheriff of this county, came to my house and talked with my husband about this case; I don't remember if he asked who was with my husband, Blant Norton, and I did not say that Jake was. "

The appellant based his objection to said testimony on the ground that the cross-examination related to matters foreign to any matter brought out on direct examination. The bills of exception are insufficient because in order to determine the question raised we would be required to resort to the statement of facts to ascertain what testimony she gave on her examination in chief. A bill of exception, to be sufficient, should set out the testimony of the witness on direct examination so that from it alone the question may be determined. See Golden v. State, 146 S. W., 945, 66 Texas Crim. Rep., 262; Brown v. State, 144 S. W., 265, 65 Texas Crim. Rep., 121.

By Bills of Exception Nos. 9 and 10 appellant complains of the action of the trial court in permitting the witness Freeland to testify that on Monday when he went out on his second investigation of the alleged offense he made inquiry of Garland Cline as to whether the defendant had passed the Cline home on the afternoon of the day the offense is alleged to have been committed. The witness said that he had been informed that appellant had passed that house. The appellant's objection to said testimony was that it was hearsay. We think it was hearsay, but in view of the fact that it was shown without objection by other testimony that appellant had passed said house, the error was harmless. Furthermore, Garland Cline testified that on the afternoon of the day of the alleged offense between the hours of two and four o'clock, the appellant and his son Jack passed the Cline home in a Ford car.

By Bill of Exception No. 11 appellant complains of the testimony of J. W. Morrow, the sheriff, relating to what Mr. Alderson told him about having found some tools there, because the same was hearsay. Said testimony would be subject to the objection if appellant had not first gone into the matter, when on cross-examination of said witness, he elicited the following: "Yes, this man Alderson talked to me about that transaction out there; he reported it to me about six-thirty at night. No, he did not tell me that he made the parties throw it off, and that he brought the tools in."

Thereafter the State recalled Morrow and brought out the matter complained of. Inasmuch as appellant first brought out the matter on cross-examination of Morrow relating to the tools, he is not in a position to complain of a matter which he

first injected into the case. However, the State did not connect appellant with the tools. They were not identified as the appellant's tools nor that they were used in taking up the pipe. Hence the matter could not have injuriously affected the appellant's rights.

Appellant urged a number of objections to the court's charge and requested several special charges which are brought forward by bills of exception. We have examined each of them and reached the conclusion that the court adequately instructed the jury as to the law applicable to the facts of the case. Therefore the failure to give the appellant's special requested instructions was not error.

Appellant contends that the proof shows that if he took any of the said pipe he took only twenty-two joints, which would reduce the offense to a misdemeanor. When a defendant is found in possession of part of the property taken and it is shown that the whole was taken about the same time on the same day or night, it justifies the conclusion that it was all taken by the same party at the same time. See Berry v. State, 223 S. W., 212, 87 Texas Crim. Rep., 559; Williams v. State, 102 Texas Crim. Rep., 588.

We have carefully examined the record in this case but failed to find any reversible error. Therefore the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined with interest appellant's extended motion for rehearing. He first insists that we erred in not upholding his complaint of the admission of the testimony of State witness Alderson, in effect, that he had the exclusive care, management and control of the leased land from which the State claimed the alleged stolen pipe was taken. Appellant cites Bailey v. State, 18 Texas App., 426; Staha v. State, 151 S. W., 543; Burges v. State, 26 S. W. (2d) 229; Daggett v. State, 44 S. W., 148; Henshaw v. State, 39 S. W. (2d) 624. We are in accord with the doctrine of each of the cases mentioned, but are not satisfied that any of them apply to the facts of the case before us. In this case Mr. Alderson testified that he worked for a corporation which owned the

lease in question,—and that he had the exclusive care, management and control of the lease and the company's properties thereon located. We do not believe such testimony to express merely an incompetent or an inadmissible conclusion. All corporations act through agents and employees in the conduct of their business and in all their property holdings. Some person, —whether Alderson or some one else,—would of necessity be called on to testiy as to who had the care, management and control of the property of a corporation. As we view this record, not only did Mr. Alderson testify directly that the care, management and control of said property was in him, but he also stated the facts supporting this statement. Appellant advanced no defensive theory based in anywise upon the proposition that he had the consent of any other person claiming to have authority or be in control, nor do we find in the record a single word of testimony contradicting that of Mr. Alderson on this point. We do not believe appellant's position sound.

Appellant's next complaint is that Mr. Alderson was permitted to testify that the joints of pipe constituting the line were securely fastened together. The matter involved seems to us of entire immateriality. Whether the court erroneously permitted the witness to say that the pipe line was securely joined or not, could not possibly have injured the rights of the accused. He was accused of stealing a number of joints of pipe of a value stated.

Appellant next complains of the overruling of his bills of exception Nos. 3 and 5, in which appear his objections to the testimony of two witnesses as to the value of the pipe alleged to have been stolen. The rule is well settled in this State that a bill of exceptions to be sufficient must within itself manifest the error complained of. Neither of these two bills sets out any facts or any certificate by the trial court of the correctness or soundness of the appellant's objection. It is not sufficient to say in a bill of exceptions that the testimony of the witness was objected to because he was not qualified,—and then go only in argument and brief throughout the entire record in order to convince the appellate court that the complaint is well taken. In each of these bills it is made to appear that objection was made to the testimony of the particular witness on the ground that he was not shown to be qualified, but for aught we know from the bills themselves each witness may have been shown to be qualified beyond any cavil or question.

Somewhat similar to our statement above appears a necessary conclusion concerning appellant's complaint in bill of ex-

ceptions No. 11. It is set out that Sheriff Morrow testified that he talked with Mr. Alderson soon after the alleged theft, and Mr. Alderson told witness about the tools he found there. The objection was that the declaration of the sheriff would not be binding upon the appellant who was not present. There is nothing whatever in the testimony set out in the bill from which the jury could have drawn any hurtful inference concerning the accused. No issue related to any tools shed light pro or con upon the question of appellant's guilt. The matter seems immaterial.

The State's attorney questioned appellant's chief alibi witness as to whether or not in the past three or four months he had not testified in two other pipe theft cases for this appellant. The objection was that this was immaterial, irrelevant, had no bearing on the case, and was an attempt to impeach him on immaterial matters. We think it proper to show by such examination the friendship of the witness for the appellant to enable the jury to draw from such testimony his interest or bias.

Appellant has another complaint directed at our conclusion, based upon the authorities cited in the opinion, that proof of theft of a part of the property taken at one time may suffice to support the conclusion of the taking of all such property so lost. In this case appellant was seen in possession of ten joints of the forty odd joints of pipe taken; twelve other joints of said pipe were found near appellant's residence. All of the pipe had been taken within a few hours after the alleged owner had been to the place and observed all of the pipe there.

Being unable to agree with appellant in any of his propositions, the motion for rehearing is overruled.

*Overruled.*