## J. W. MILLER v. THE STATE.

No. 18427.   Delivered October 21, 1936.

The opinion states the case.

*Homer L. Moss,* of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Felony theft is the offense; penalty assessed at confinement in the penitentiary for two years.

The automobile belonging to Robert Thomas was left parked at night upon one of the streets of Shamrock, Texas. The car was locked. Upon his return Thomas found the door handles broken off and a hole cut in the top of the car by and through which it had been opened. Certain personal effects had been taken from the car, including an automatic shotgun and a bag containing certain ladies' wearing apparel and cosmetics. The next day the appellant was found in possession of certain of the stolen property. He had also disposed of certain items taken at the time of the theft.

The unexplained recent possession of stolen property is a sufficient circumstance to authorize the jury's conclusion of guilt upon the part of the taker; and the possession of part of the stolen property, when it is shown that the whole of the property was taken at one or the same time, is a sufficient circumstance to justify the conclusion that all of the property was taken at the same time and by the same party. See Norton v. State, 88 S. W. (2d) 1045.

Appellant complains of the overruling of his motion for a continuance on account of the absence of a witness by whom

he could establish the defense of alibi. The qualification of the bill of exception shows that no written motion for a continuance was ever presented to the trial court. Art. 545, C. C. P., requires that all motions for a continuance be sworn to by the applicant. See Walker v. State, 45 S. W. (2d) 987. The bill, therefore, fails to reflect error.

Appellant sought to have the case continued because of the absence of counsel. The qualification of the bill shows that appellant had not employed the attorney whom he claims he desired to have represent him; and upon this fact being ascertained the trial court appointed counsel for appellant who did represent him upon the trial.

The judgment of the trial court is affirmed.

*Affirmed.*