### RAYMOND EVANS V. THE STATE.

No. 19073. Delivered June 9, 1937.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of an automobile is the offense; penalty assessed at confinement in the penitentiary for five years.

Ben J. Cohn owned an Oldsmobile coupe which he parked on Preston Avenue in the city of Houston. That night, between eight and eight-thirty o'clock, he went to get his car and found that it was gone. He recovered the automobile the following morning from the Police Department.

Welch, an attendant at a filling station, testified that between 9:00 and 9:30 o'clock at night the appellant came to the station and bought some gasoline. As Welch was putting the cap on the gasoline tank, a companion of the appellant drew a pistol and pointed it at Welch. Appellant and his companion then ordered Welch inside of the building where they robbed him of his money. Welch was positive in his identification of the appellant as the driver of the car. He also took the license number of the Oldsmobile car in which his assailants were riding.

A police officer of the city of Houston discovered an Oldsmobile car of a certain license number on the corner of Washington Avenue and Stanley Street at 10:45 o'clock at night. He attempted to follow the automobile but it got away from him. He later found the car parked behind 1505 Washington Avenue, at which place the appellant was reported to have lived at the time. Two men were riding in the automobile when it was first seen by the officer, but when he saw it again, there was only one man in the car and he ran away.

Mrs. Hadie Guinn testified that she conducted a rooming house at 1505 Washington Avenue; that on August 27th the appellant registered with her and paid for a week's rent; that two men occupied the room rented by the appellant.

The evidence is quite sufficient to show the appellant in possession of a recently stolen automobile. No testimony was introduced by the appellant tending to account for his possession of the car.

It is a well-settled rule of law that the unexplained recent possession of stolen property is a sufficient circumstance to authorize the jury's conclusion of guilt upon the part of the taker. See Miller v. State, 97 S. W. (2d) 471; White v. State, 77 S. W. (2d) 226; Moore v. State, 34 S. W. (2d) 889.

The judgment is affirmed.

*Affirmed.*