JOE DEAN v. THE STATE.

No. 21630. Delivered June 25, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*C. Land,* of Memphis, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of corporeal personal property over the value of $50.00. The punishment assessed is confinement in the State penitentiary for a term of two years.

The only question presented for review is the sufficiency of the evidence to justify and sustain the conviction.

The State's evidence, briefly stated, shows that on the 23rd day of December, 1940, G. T. Barnett, his wife and son who lived at Houston, Texas, came in an automobile to Memphis to visit S. W. Stewart and family. They arrived at Mr. Stewart's home about dark and parked their car on the street in front of the Stewart home and near the Presbyterian Church. They left their suit case and some wearing apparel in the car. About 9:00 P. M., as they were getting ready to retire for the night, they went to their car to get the suit case and the wearing apparel hanging in the car, but found that the greater part of it has been surreptitiously taken by some unwelcome visitors. They reported the theft to the officers and then kept watch to see if the culprits would return to get the balance. Soon thereafter a car drove by and stopped near the church mentioned. Two men got out and started towards Mr. Barnett's car. The parties who kept watch started towards them and they fled. The watchers pursued them, overtook and caught the appellant. However, during the chase appellant took off a leather jacket and threw it down. One of the pursuing parties picked it up and it proved to be the one which belonged to Mr. Barnett and which had been stolen from his car. Later on, while in jail, appellant was found wearing a shirt that had been taken from the car at the time in question. After appellant was captured, they started with him to the police station but were intercepted by some of his companions who rescued him. None of the other stolen property was recovered. The testimony shows that there was taken from the car the following property: Two suits of clothes, one of the value of $23.00 and the other, $23.75; one leather jacket of the value of $7.50,

one lady's coat suit of the value of $15.00, six shirts of the value of $1.00 each, and an extra pair of trousers of the value of $1.98.

Appellant did not take the witness-stand. He relied upon an alibi as a defense, but this was about as tight as a perforated vessel sought to be used to convey water.

Appellant contends that inasmuch as he was only found in possession of the jacket and one shirt he could not be convicted of a felony. This jacket was found in his possession about the time the theft was committed and within a short distance from where the stolen articles were located in the parked automobile. When a person is found in possession of a part of recently stolen property and near the scene where the theft was committed, but fails to give an explanation of such possession consistent with his innocence, this will justify the conclusion that he and his confederates in crime stole all of the property. See Jack v. State, 20 Tex. Cr. App. 656; Rose v. State, 52 Tex. Cr. R. 154; Williams v. State, 102 Tex. Cr. R. 588; Norton v. State, 129 Tex. Cr. R. 503, 88 S. W. (2d) 1045; Adams v. State, 128 S. W. (2d) 41.

Having reached the conclusion that the evidence is sufficient to sustain appellant's conviction, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing deals only with the one question presented and treated in the original opinion. It is susceptible of much more discussion, but we think that the original opinion sufficiently and correctly disposes of the case.

The motion for rehearing is overruled.