JOE REZA V. THE STATE.

No. 23752. Delivered October 29, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Felony theft is the offense; the punishment, two years in the penitentiary.

The sole question presented for review is the sufficiency of the evidence.

Rushing, the injured party, was building a house. A lumber company had delivered to him five windows, four panel doors, one kitchen door, and two screen doors of the aggregate value of $63.30. The windows had been nailed to the frames. The doors were on the premises. All this property was stolen from the premises the night of March 2, 1946. Appellant had been employed in the laying of the floor in the house. The witness Robinson was also constructing a house. The original contractor having failed in his contract, Robinson engaged appellant to complete the construction. Appellant drew money in advance on the work. Robinson complained and threatened prosecution if he did not get the material as he had agreed. Shortly thereafter, appellant brought to Robinson five windows, four doors, two screen doors and a kitchen door. This, according to Robinson's testimony, was "sometime in the last part of March." The four doors would not fit in the frames and were carried away by appellant. Rushing identified the five windows and the screen and kitchen doors as those which were stolen from him. Appellant did not testify. He offered no explanation of his possession of a part of the stolen property nor presented any affirmative defense.

The rule is well-established that the unexplained possession of property recently stolen is a sufficient circumstance to authorize a jury to convict for theft of the property. Branch's P. C., Sec. 2463; 41 Tex. Jur., Sec. 128, p. 206; 25 Tex. Digest:

Larceny, Sec. 64, p. 637; and authorities there cited. It is equally well settled that from the possession of a part of the stolen property, theft of the whole may be inferred. 41 Tex. Jur., Sec. 128, p. 206; Dean v. State, 142 Tex. Cr. R. 411, 154 S. W. (2d) 459, and authorities there cited.

When tested in the light of the rules stated, the facts are deemed sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.