CLINT LEE PATRICK V. STATE

No. 28,886. March 20, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 1, 1957.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, two years.

Tommy Nichols, a filling station attendant, testified that the appellant and his female companion parked their automobile south of his station near the coca cola machine, the woman bought a coca cola, used the telephone, and while he was waiting on another customer, his attention was directed toward the appellant, whom he saw walking away from the station carrying two paper boxes which resembled cigarette cases with the tops cut off. The appellant placed the boxes in the back of his automobile and proceeded to leave but was detained by the witness, who reached in the automobile, lifted a newspaper which covered the boxes, and observed that they contained cartons of cigarettes. A struggle ensued, the witness secured the ignition keys from the appellant's automobile, but the appellant finally effected his escape after his companion set the cases of cigarettes on the filling station driveway.

The cigarettes in the two boxes were shown to be of a value in excess of $100.00.

The appellant did not testify or offer any evidence in his own behalf.

The sole question presented for review is the appellant's contention that the search of his automobile was unlawful. The witness Nichols testified that when they received a case of cigarettes at the station they cut the top off and placed it in a steel cabinet. He stated that when he first saw the two boxes in the appellant's possession he identified the boxes as being of the same type as those in which they received cigarettes and that the tops had been cut off of them.

He testified further that when he came on duty that afternoon he had checked the cigarettes in the steel cabinet and found four cases, that shortly before the appellant's arrival at the station he had sold a carton of cigarettes from the cabinet and noticed nothing missing, and that following the incident with the appellant he again checked the cabinet and found that it contained only two cases.

We have concluded that Nichols' action in searching the appellant's automobile was clearly authorized in order to prevent the consequences of theft. Article 325, V.A.C.C.P.

We further observe that the witness Pullam testified without objection concerning the search of appellant's automobile.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

The indictment charged the theft of twenty-seven cartons of cigarettes of the value of two dollars fourteen cents each and thirty cartons of cigarettes of the value of two dollars twenty-four cents each.

The ownership of the cigarettes was alleged to be in Wallace A. Shankle, who testified that he was the manager of Watson Service Station and that on the night of June 27, 1956, fifty-seven cartons of cigarettes, ranging in value from $2.14 to $2.34 per carton, were stolen therefrom.

The witness Shankle gave no description of the make, name, or size of the cartons of cigarettes, nor did he give any description of the cigarettes whereby they might be identified from any other cartons of cigarettes. He did not fix with any degree of definiteness, the time when the cigarettes were taken.

This conviction rests upon the circumstance that appellant was recently thereafter found in possession of some cartons of cigarettes.

There is not a line of testimony showing or indicating that the cartons of cigarettes found in appellant's possession were those that were stolen. The owner did not attempt to identify the cigarettes found in appellant's possession as those which were stolen.

The special owner of the cigarettes—that is, the attendant at the service station who was present when the cigarettes were stolen and who found the cigarettes in appellant's possession, testified:

"(Q) And you didn't have any identification marks or anything on the cigarettes, the carton, the packages or the cases they come in or anything? A. No.

"(Q) You don't know whether these cases they were found in later in his car — You don't know whether those are the same cases you had handled before, do you? A. No."

The evidence further shows that the state, in the development of its case, placed in evidence the exculpatory statement of the appellant when his possession of the cartons of cigarettes was first challenged, the statement being: "We found them right back there. I didn't think they were any good."

There is no testimony showing the falsity of that exculpatory statement by appellant.

I am at a loss to understand how it can be said that the state has shown by this record that the appellant was ever at any time in possession of any cigarettes stolen from and the property of the alleged owner.

No man ought to be sentenced to the penitentiary until the state has proven him guilty. The state has not done so, here.

I respectfully dissent.