Kenneth CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46800.

Court of Criminal Appeals of Texas.

May 1, 1973.

------

[1]. We commend the trial judge for the procedure utilized in this frivolous appeal.

Richard E. Anderson (Court appointed), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Donald Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

After entering a plea of guilty, the appellant was convicted for the possession of codeine, a narcotic drug. The punishment assessed was five years imprisonment. The imposition of sentence was suspended, and the appellant was placed on probation on January 28, 1971.

After a hearing on the State's motion to revoke probation, the court found that the appellant had violated the terms of probation by committing the offenses of burglary and theft. An order revoking probation was entered and sentence was imposed on May 8, 1972.

The appellant asserts that the trial court abused its discretion in revoking probation because the evidence was not sufficient to show that he had committed the offenses of burglary and theft.

During the night of February 9, 1972, a plate glass window was broken and several expensive "Adams" pool cues were taken without permission and consent from the building in which an enterprise known as Bowling and Billiard Supplies was located. On the morning of February 10, 1972, the appellant and another person appeared at the Spring Branch Green Cue, a place of recreation, and inquired if persons there desired to purchase an "Adams" pool cue for $35.00. Although no pool cues were exhibited, it was understood that more than one was available.

The appellant was arrested on February 22, 1972, and two tags were found in his billfold. The manager of Bowling and Billiard Supplies identified these tags as having been attached, as a means of identification, to two of the pool cues which had been taken. The pool cue from which one of the tags had been taken was valued at $150.00, and the pool cue from which the other tag had been taken was valued at $80.-00.

The arresting officer said that the appellant made no explanation, at the time of his arrest, as to where he had obtained the tags found in his billfold. The appellant admitted possessing the tags at the time he was arrested and testified that he had explained to the officer his purpose for having the tags. He did not testify, however, that he told the officer how the tags had come into his possession. His explanation, at the time of trial, was that he found the tags on a table in a pool hall.

The identification tags found in the appellant's possession constitute a part of the stolen property. The appellant's unexplained possession of a part of the recently stolen property, coupled with his offer to sell an "Adams" pool cue the morning after the burglary and theft, is sufficient for the trial court to have found the appellant committed the offense of burglary and

theft. See Johnson v. State, 476 S.W.2d 324 (Tex.Cr.App.1972); Anderson v. State, 454 S.W.2d 740 (Tex.Cr.App.1970); Yonko v. State, 444 S.W.2d 933 (Tex.Cr.App. 1969) and Mason v. State, 167 Tex.Cr.R. 516, 321 S.W.2d 591 (1959).

No abuse of discretion in revoking probation has been shown.

The judgment is affirmed.

Opinion approved by the Court.