HELEN KAHN V. THE STATE.

No. 21681. Delivered June 25, 1941.

The opinion states the case.

*George R. Beiber,* of Chicago, Ill., and *Burt Barr* and *Baskett & Parks,* all of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with theft of property over the value of fifty dollars, and given a penalty of six years in the penitentiary.

The facts show that Sanger Bros., Inc., in Dallas, maintained a fur department or salon in which were displayed many fur clothes of different kinds. On November 4, 1940, appellant appeared therein and asked to see some fur jackets. She finally agreed to purchase a fur jacket for the sum of $59.75, giving her name and address as Mrs. Fred Fisher, 3605 Madison. The jacket needed some minor alterations, and same was altered by employees of Sanger Bros., and appellant gave the saleslady a $50.00 bill, out of which there was to be retained the sum of $19.75, appellant agreeing to return the following day and pay the remaining $40.00 on the purchase of this jacket, at which time she was to receive possession thereof. After this jacket matter was disposed of, appellant then requested to be shown a piece of fur similar to the jacket which she desired to use for some purpose. In the meantime one of the salesladies was showing an Eastern Mink coat to a customer which coat was priced at $1,995.00, and which coat the appellant seemed to have greatly admired. During such time appellant, who herself owned a Persian lamb coat of rather expensive design, was sitting in a small passageway near where the fur garments were kept, she having a small box in her possession as well as her Persian lamb coat which she had placed on a chair. It was

necessary for the saleslady to go into another room to obtain the piece of fur desired by appellant, and during that length of time appellant was left in this fur room alone. When the saleslady returned the expensive mink coat had been removed from the side of this alleyway, opposite to where appellant was sitting, to the side near appellant's seat. By whom such removal was made the witnesses did not know. The appellant accepted the small piece of fur, for which she was to pay $2.50, and gave the employee a $5.00 bill with which to pay therefor. The employee then started to the front of this department with the appellant, who had then donned her Persian lamb coat, following her. The money was then handed to the cashier, and the employee went on to her lunch, it being that hour with her. In about an hour it was found that this expensive mink coat was missing, and sometime thereafter appellant was arrested in St. Louis, Mo., and when being returned to Dallas she had on the same Persian lamb coat, and it was shown upon the trial that the lining in said coat was loose for a distance of about ten inches, and testimony was given that this mink coat could have been hidden in such a small area, it being practically without lining.

The State showed that there was no such number as 3605 on Madison Street or Avenue in Dallas, the numbers not reaching that high. It also showed that appellant did not and had not ever come back and paid the $40.00 and gotten the fur jacket upon which she had made the $19.75 cash payment. The mink coat had never been found up to the time of the trial.

These are all the salient circumstances relied upon by the State to establish the guilt of appellant, and after a careful consideration thereof we are impressed with the fact that such circumstances do not support a finding beyond a reasonable doubt that the appellant and no other abstracted this expensive coat at such time.

This was a case of circumstantial evidence, and the careful trial court so instructed the jury. He told the jury in his charge that these circumstances "taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion and producing, in effect, a reasonable and moral certainty that the accused, and no other person, committed the offense charged. * * * They must exclude to a moral certainty every other reasonable hypothesis except the defendant's guilt,

and unless they do so, beyond a reasonable doubt, you will find the defendant not guilty."

It was shown that other persons were in this fur salon after the appellant left there and during the time before this mink coat was discovered to be missing, about an hour having thus elapsed. Of course we do not say that any of such others are in the same position in this matter as appellant, but we do say that the facts cast upon the accused suspicious circumstances pointing towards her guilt,—such as her giving a different name from the one that she answered to in the trial; her giving an impossible street address; her failing to return for the fur jacket; her close proximity to the mink coat, and the loose lining in appellant's own coat; but there still remains the fact of the hour's time in the interim before this loss was discovered, the presence of others in the salon during such hour, and the failure to further connect this appellant with ever having such coat seen in her possession. All these facts fail to exclude every other reasonable hypothesis than that of appellant's guilt, and fail to support a finding to a moral certainty that appellant and no other is guilty of the theft of this coat.

The remaining complaints of appellant are addressed to the remarks of the prosecuting officers in their argument to the jury. In the event of another trial such will doubtless not be repeated. It is much safer for such arguments to be confined to the facts as adduced upon the stand and not to ever descend to the level of personal abuse of the one upon trial for a criminal offense.

On account of the insufficiency of the evidence this judgment is reversed and the cause remanded.