## CIPRIANO JASO V. THE STATE.

No. 22176. Delivered June 17, 1942.
Rehearing Denied (Without Written Opinion) October 14, 1942.

The opinion states the case.

*Julian LaCrosse*, of Del Rio (on appeal only), for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with theft from the person and assessed a penalty of two years in the penitentiary.

The State relies upon circumstantial evidence for the conviction and it is our conclusion from the facts of the case that these circumstances are insufficient and amount to no more than a mere suspicion of guilt.

Hattie Kibbetts, a colored woman, sometimes known as Hattie Williams, was in the cafe business in the town of Brackettville. On January 25, 1942, she had a wedding at her establishment and business seems to have been beyond what she had expected. During the night she ran out of bread and went to a nearby place known as Juan Martinez's Saloon to get a loaf of bread. Approaching the bar she crowded in between two Mexicans, the appellant being on her right. She had a dollar bill in her hand with which she made the purchase and she had a purse in the pocket of her jacket on the right side in which were six one dollar bills. While standing there she checked to see that her purse was in place. About fifteen minutes later after she had returned to her place of business she had occasion to

use it and found that it was gone, together with its contents. Returning to the saloon she peeped in the window and found appellant, together with others, buying beer. This was the means by which she was seeking to discover someone she could charge with the theft. It is disclosed, however, by the evidence that appellant bought three beers, for which he paid thirty cents in coin.

Having enlisted the assistance of her son and her brother they approached appellant and accused him of having stolen her purse. The evidence offered by the State on the subject, detailing the things that took place, contains repeated denials by appellant that he had stolen the money and the only circumstance we find in the case casting a suspicion upon appellant is that he was seen coming from an outside toilet where the purse was found upon a search being made by the prosecuting witness and her brother some time later. The money had been taken out. A further circumstance is that appellant agreed to and did pay her the six dollars, but it was his claim that he did it to keep out of trouble and under the protest that he did not receive her money. Further facts of the case show that appellant offered to submit himself to being searched to show he did not have the money. Thereafter a deputy sheriff was called and questioned him, but did not arrest him and did not search him. The money was never found and the money which was paid to the prosecuting witness came out of his weekly earnings.

The evidence shows that the place was crowded; that the toilet where the purse was found was a public place and was visited by others. So far as we are able to glean from the record the foregoing constitute all of the pertinent facts, which we consider to be insufficient to sustain the conviction.

The judgment of the trial court is reversed.