JOE BEN PHEA v. THE STATE.

No. 23533. Delivered January 15, 1947.

*Curtis Douglass*, of Pampa, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Joe Ben Phea was given a two year penitentiary sentence on a charge of theft, and appeals.

The State relies on circumstantial evidence and produced the testimony of William Cook, who drove a delivery truck for a wholesale grocery company. He had spent the day in the vicinity of Pampa and had collected, in cash and checks, about eleven hundred dollars. He came to a hotel after dark, registered, and went to his room accompanied by appellant, a negro bellboy. Cook left his room, had supper and visited with a brother, who was a bus driver out of Pampa. After ten o'clock he procured a newspaper and returned to his room. Finding he had no bath towels, he called for them and soon a negro boy other than appellant appeared with towels. Later appellant came with towels also. After a few minutes Cook took his bath in a room down the hall from his bedroom, and then undressed and retired with his bed light on and was reading until he fell asleep. He had placed his trousers, with the billfold containing the checks and cash, under his pillow with the legs of the trousers hanging out of the side of the bed next to the door. In about forty-five minutes he was awakened suddenly and saw appellant standing at the side of his bed opposite the door, with his hands down near the pillow. Two ten dollar bills were out of the billfold and laying near the end of the pillow. Witness was frightened by the presence of the appellant and asked him what he was doing. In reply the appellant said, "I was just fixing to shake you and wake you up. Ain't you the man that called for the woman?" The witness told him he had not called for any woman and he began to get out of the bed. At this appellant left the room.

On cross-examination he testified that he had left the door unlocked and that anyone could turn the knob and open it; that he had asked the first boy who brought towels if they had any women in the hotel and had received a negative answer from him. He said he told the boy he was glad, and that he asked

this for the purpose of knowing whether or not he should hide his money.

Soon after seeing appellant in his room the witness discovered that the button to his pants pocket containing the billfold was unfastened. The billfold was in place, exactly as he had left it, still under his pillow. It was in a position that the money could be removed without disturbing the billfold. He reported the matter to the hotel authorities and went to his truck to get his records to check up and see exactly how much cash he had collected. It appeared at the time that $69.00 was missing, but he later concluded that $142.00 was gone. He testifies that he knows there was as much as one hundred dollars missing. The witness went to the police station and appellant was brought in and identified by him.

There is no intimation that appellant ever had any of the missing money. No other witness was introduced and no circumstance connecting appellant with the offense other than that herein above detailed. The court gave a correct charge to the jury which included proper instruction on circumstantial evidence, from which we quote: "* * * the circumstances, taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the accused and no other person committed the offense charged."

There is only one circumstance in this case which would so much as render probable the guilt of the defendant. It could do no more than be a suspicious circumstance. It does not exclude "to a moral certainty every other reasonable hypothesis, except the defendant's guilt," as is required by the law and definitely stated in the court's charge.

It is not necessary to further discuss the law of circumstantial evidence. Generally it is observed that every circumstantial evidence case has its own characteristics, but seldom will we find a case where one circumstance alone is sufficient to pronounce guilt beyond a reasonable doubt and to exclude every other reasonable hypothesis. If the circumstance is of sufficient probative force it would hardly retain the status of a circumstance, but would usually become direct testimony. If it fails to have that force the sufficiency may well be questioned.

The judgment of the trial court is reversed and the cause is remanded for a new trial.