Laura **YONKO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42117.

Court of Criminal Appeals of Texas.

June 18, 1969.

Rehearing Denied Oct. 15, 1969.

Charles W. Fairweather, Amarillo, for appellant.

Tom Curtis, Dist. Atty., H. Bryan Poff, Jr., Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of fifty dollars; the punishment, two years.

The record reflects that a total of two hundred fifty dollars was stolen from a purse in the home of A. S. and Bertie Parker, both of whom were eighty years of age.

The sole contention of the appellant is " * * * the State failed to prove the element of taking, an essential element to the offense of theft."

The record reflects that a daughter of Laura Yonko, the appellant, went into the Parker home and asked Bertie Parker for some hot water and sugar to treat a sick baby. They went into the kitchen, and the girl kept her drawing and pouring water for some time. Mrs. Parker finally told her the water was as hot as it would get and quit. Mrs. Parker had not seen Laura Yonko enter the house, but saw her coming out of the bedroom. At this time A. S. Parker had entered the house, and he also saw appel-lant coming out of the bedroom. When he asked appellant what was going on, she did not answer the question.

Mrs. Parker and the girl came into the front room, and the appellant or the girl asked for some sugar to sweeten the water. Mr. Parker and the girl went to the kitchen and got the sugar. The girl stirred the sugar for five minutes or longer. In the meantime appellant had asked Mrs. Parker for some pennies and said, "I want to give you an Indian remedy." Mrs. Parker hand-ed the pennies to appellant, who then put them in some vases. Appellant then said, " 'I want to give you a silver piece for good luck * * *. Let me have your purse.' " Mrs. Parker got her purse and it appeared to have been opened. Then appellant " * * dropped a silver piece in and it happened to be my half dollar, Kennedy half a dol-lar. * * *"

Mrs. Parker noticed the handkerchief that had covered the billfold in her purse in appellant's pocket. After Mrs. Parker put her purse back, appellant threw the hand-kerchief on the dresser and left. Mrs. Parker looked into her purse and found two hundred fifty dollars to be missing.

Appellant cites Phea v. State, 150 Tex.Cr. R. 77, 199 S.W.2d 160 (1947); Jaso v. State, 144 Tex.Cr.R. 492, 164 S.W.2d 695 (1942); Kahn v. State, 142 Tex.Cr.R. 307, 152 S.W. 2d 761, and Yarbrough v. State, 69 Tex.Cr. R. 150, 151 S.W. 545, where the evidence was held to have been insufficient. In the cases cited, no evidence was offered to show that the accused possessed some of the property taken during the theft.

In the present case it was shown that ap-pellant was in possession of Mrs. Parker's handkerchief and her Kennedy half-dollar which were missing from her purse.

The jury may infer the stealing of the whole from the possession of a part. See Vandall v. State, Tex.Cr.App., 438 S. W.2d 578, and 5 Branch's Ann.P.C.2d 98, Sec. 2650.

The evidence is sufficient to support the conviction.

At the penalty stage of the trial it was shown by appellant that restitution had been made by her attorney and her brother-in-law in the sum of two hundred fifty dollars, and that restitution had been made to two other people who had apparently received the "Indian" treatment.

Appellant's husband testified that his wife was a fortune teller, and she had been jailed for vagrancy, and that Gypsies were blamed for anything missing and were put in jail.

There being no reversible error, the judgment is affirmed.