Shaw v. State 






NO. 10-90-071-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          HERBERT SHAW,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 12th Judicial District Court
Leon County, Texas
Trial Court # 7239-B
* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of burglary of a habitation. See Tex. Penal Code Ann. §
30.02(a)(3) (Vernon 1989). The court assessed his punishment at six years in prison and a $2000
fine, suspended the sentence and fine, and placed him on probation for ten years. Appellant
complains that the evidence was insufficient to support his conviction. He also argues that the
court erred when it failed to instruct the jury on the presumption arising from the unexplained
possession of stolen property and when it instructed the jury on the law of parties. The judgment
will be affirmed.
          On December 13, 1988, the home of Lloyd Howard was burglarized. Among the items
stolen from the residence were several guns and a pistol. Howard asked Ronnie Waters, who
trades guns, if he had seen or purchased any of the guns taken in the burglary. Waters, who had
purchased a pistol from Appellant on December 16, remembered Appellant's suspicious behavior. 
He recalled that Appellant stressed "too much" that another person owned the gun and would not
take the money Waters was offering for it. Waters checked the serial number on the pistol he
bought from Appellant, determined that it was taken from Howard's residence, and gave the gun
to police.
          Gary Rossier, a deputy sheriff who arrested Appellant, claimed that Appellant offered no
explanation for his possession of the stolen pistol and even denied "all knowledge of the pistol." 
Several days after his arrest, Appellant told Sheriff Wilson that he did not burglarize Howard's
residence, but knew where the rest of the property taken in the burglary was hidden. Acting on
Appellant's information, officers recovered other property taken in the burglary from the residence
of Mark Hill, who was also indicted for the burglary.
          Although he admitted selling Waters a gun on December 16, Appellant testified that it was
a shotgun and not a pistol. Archie Vanwey and Jimmy Lanier, who were present during part of
Appellant's negotiations with Waters, both said they did not remember hearing Waters and
Appellant discussing a pistol. Appellant also claimed that he saw Waters and Mark Hill behind
a service station on the night of the burglary transferring "something" from the trunk of Hill's car
to Waters' truck. 
          After the defense rested, Sheriff Wilson, Deputy Sheriff Robert Ramos, Chief of Police
Bill Vaughn, and Investigator Elzie Ware testified that Appellant's reputation for truth and
veracity was bad. Wilson and Vaughn stated that Appellant could not be believed under oath, and
Wilson listed several occasions when Appellant had been previously arrested.
          Appellant's first point is that the evidence was insufficient to support his conviction. He
argues that the State failed to prove the elements of the offense and further failed to establish guilt
based on his recent possession of stolen property. Evidence will support a conviction if, viewing
it in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Butler v. State, 769 S.W.2d 234, 239 (Tex.
Crim. App. 1989). 
          A person is guilty of burglary of a habitation if he intentionally or knowingly enters the
habitation without the effective consent of the owner and commits or attempts to commit theft. 
Day v. State, 532 S.W.2d 302, 305 (Tex. Crim. App. 1975). The State failed to offer any
evidence that Appellant intentionally or knowingly entered Howard's residence. When a defendant
possesses recently stolen property taken in a burglary and at the time of arrest fails to reasonably
explain how he honestly acquired the property, the fact finder may draw a permissible inference
that the defendant is guilty of the burglary and theft. Rodriguez v. State, 549 S.W.2d 747, 749
(Tex. Crim. App. 1977). This inference does not arise, however, unless the possession is
personal, recent, unexplained, and involves a distinct and conscious assertion by the defendant of
a right to the property. Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). 
          When arrested, Appellant not only offered no explanation for possessing the stolen pistol,
but denied any knowledge of the weapon. The jury could have reasonably found from the
evidence that Appellant had unexplained, personal possession of the pistol three days after the
burglary and that, by participating in its sale, he consciously asserted a distinct right to the pistol. 
See Patton v. State, 617 S.W.2d 255, 258 (Tex. Crim. App. [Panel Op.] 1981). Thus, the
evidence supported a permissible inference of Appellant's guilt based on his unexplained
possession of recently stolen property. 
          An inference of guilt arising from the unexplained possession of recently stolen property
will not, by itself, sustain a conviction. Hardesty v. State, 656 S.W.2d 73, 77 (Tex. Crim. App.
1983). Consequently, the inference of Appellant's guilt is merely a circumstance to be weighed
with the other evidence in determining whether his conviction was supported by sufficient
evidence. See id. 
          Appellant's possession of a part of the stolen property raised an inference that he stole all
of the property taken in the burglary and recovered from Hill's home. See Hite v. State, 650
S.W.2d 778, 781 (Tex. Crim. App. 1983). Viewing the evidence in the light most favorable to
the verdict, it was sufficient to support Appellant's conviction based on the inference of guilt
arising from his unexplained possession of recently stolen property and his knowledge of the
location of other property taken in the burglary. See id. Point one is overruled.
          Appellant complains in point two that the court failed to instruct the jury on the
"presumption" arising from unexplained possession of stolen property, as required by section 2.05
of the Penal Code. See Tex. Penal Code Ann. § 2.05(1) (Vernon Supp. 1990). Having failed
to object to the charge on this ground, he must show "egregious" harm to obtain a reversal. See
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (on rehearing).
          Section 2.05 provides that when "this code or another penal law establishes a presumption
as to any fact . . . if there is sufficient evidence of the facts that give rise to the presumption, the
issue of the existence of the presumed fact must be submitted to the jury." Tex. Penal Code
Ann. § 2.05(1) (Vernon Supp. 1990). This provision was not applicable because recent,
unexplained possession of stolen property does not create a "presumption" of guilt, but a
"permissible inference" of guilt. See Hardesty, 656 S.W.2d at 77. Point two is overruled.
          The court instructed the jury on the law of parties. Appellant asserts in point three that the
instruction was improper because the State failed to prove that he solicited, encouraged, directed,
aided or attempted to aid another in the commission of the burglary. Having failed to object to
the charge on this ground, he must show fundamental error and "egregious" harm to prevail. See
Almanza, 686 S.W.2d at 171.
          The charge allowed the jury to convict Appellant if they found him guilty of the burglary
either as the primary actor or as a party. The evidence was sufficient to convict him based on his
own conduct. Assuming that the instruction on parties was improperly given, the error was
harmless. See Todd v. State, 601 S.W.2d 718, 721 (Tex. Crim. App. [Panel Op.] 1980). Point
three is overruled and the judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas, Chief Justice 
          McDonald (Retired) and Justice James
          (Retired)
Affirmed
Opinion delivered and filed January 31, 1991
Do not publish