COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-262-CR
  
   
LARRY 
DON MARSH                                                              APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Larry 
Don Marsh appeals his conviction for stalking.  We will affirm.
        The 
parties in this case are familiar with the relevant facts and the applicable law 
is well-settled.
        In 
his first two points, appellant challenges the legal and factual sufficiency of 
the evidence to support his conviction.  Having reviewed the evidence under 
the applicable standard of review,[2] we conclude that 
there is legally sufficient evidence supporting the trial court’s judgment.[3]
        We 
further conclude that the evidence supporting the judgment is not so weak, or so 
overwhelmed by evidence to the contrary, that a new trial should be ordered.[4]  Generally, when reviewing a factual insufficiency 
complaint we are required to discuss the most important and relevant evidence 
that the appellant claims undermines the judgment.  Sims v. State, 
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Appellant in this case, 
however, points us to no evidence contrary to the trial court’s judgment in 
his factual sufficiency argument; instead, he simply reiterates his legal 
sufficiency argument.  We overrule appellant’s first and second points.
        In 
his third point, appellant contends that the trial court erred in considering 
irrelevant evidence of conduct not alleged in the indictment.  He points to 
Jennifer McLean’s testimony that someone piled her trash in front of her door, 
flipped her breaker box, flooded her yard, damaged her yard decorations, pulled 
down an outside light fixture, cut her satellite cable, and spray-painted her 
gate.  McLean did not claim to know that appellant was responsible for 
these acts, which were not included in the stalking indictment. [5]
        The 
trial courts have wide discretion on matters of relevancy.  Montgomery 
v. State, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh’g).  
We will not disturb a trial court’s ruling as long as it is within the zone of 
reasonable disagreement. Id. at 391.  Evidence is relevant if it 
tends to make an elemental fact more or less probable.  Id. at 
375.  To prove its case, the State was required to show that McLean was in 
fear that an offense would be committed against her property, and that a 
reasonable person would fear such an offense.  Tex. Penal Code Ann. § 
42.072(2), (3) (Vernon 2003).  McLean’s testimony that these offenses 
against her property had occurred was relevant to establishing her state of mind 
at the time of the events in the indictment.  See Clements v. State, 
19 S.W.3d 442, 448 (Tex. App.—Houston [1st Dist.] 2000, no pet.) 
(holding incidents of stalking prior to date of indictment are relevant to 
establishing victim’s state of mind at time of offense).  We overrule 
appellant’s third point.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.

                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
  
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
WALKER, 
J. concurs without opinion.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (in reviewing legal 
sufficiency, we view all evidence in light most favorable to judgment and 
determine whether any rational trier of fact could have found essential elements 
of the crime beyond a reasonable doubt).
3.  
Appellant’s argument that collateral estoppel precludes the State from relying 
on certain evidence is inapposite because there was only one trial in this 
case.  See Ex parte Taylor, 101 S.W.3d 434, 440 (Tex. Crim. App. 
2002); Hite v. State, 650 S.W.2d 778, 784 n.7 (Tex. Crim. App. 
1983).  His argument that the evidence is legally insufficient due to a 
fatal variance between the allegations in the indictment and the proof at trial 
also fails.  The trial court specifically indicated that it found appellant 
guilty of stalking “as charged in the indictment.”  The evidence 
supports this finding.
4.  
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (in reviewing 
factual sufficiency, we view all evidence in a neutral light and determine if 
supporting evidence is so weak, or contrary evidence so overwhelming, as to 
render the judgment clearly wrong or manifestly unjust).
5.  
This testimony is not character evidence, contrary to appellant’s assertion, 
because McLean never claimed that appellant did the acts described.  See 
Tex. R. Evid. 404(a), (b); 
McKay v. State, 707 S.W.2d 23, 31-32 (Tex. Crim. App. 1985), cert. 
denied, 479 U.S. 871 (1986).