Marsh v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-262-CR

LARRY DON MARSH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Larry Don Marsh appeals his conviction for stalking.  We will affirm.

The parties in this case are familiar with the relevant facts and the applicable law is well-settled.

In his first two points, appellant challenges the legal and factual sufficiency of the evidence to support his conviction.  Having reviewed the evidence under the applicable standard of review,
(footnote: 2) we conclude that there is legally sufficient evidence supporting the trial court’s judgment.
(footnote: 3) 

We further conclude that the evidence supporting the judgment is not so weak, or so overwhelmed by evidence to the contrary, that a new trial should be ordered.
(footnote: 4)  Generally, when reviewing a factual insufficiency complaint we are required to discuss the most important and relevant evidence that the appellant claims undermines the judgment.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Appellant in this case, however, points us to no evidence contrary to the trial court’s judgment in his factual sufficiency argument; instead, he simply reiterates his legal sufficiency argument.  We overrule appellant’s first and second points.

In his third point, appellant contends that the trial court erred in considering irrelevant evidence of conduct not alleged in the indictment.  He points to Jennifer McLean’s testimony that someone piled her trash in front of her door, flipped her breaker box, flooded her yard, damaged her yard decorations, pulled down an outside light fixture, cut her satellite cable, and spray-painted her gate.  McLean did not claim to know that appellant was responsible for these acts, which were not included in the stalking indictment.
(footnote: 5)
 The trial courts have wide discretion on matters of relevancy.  
Montgomery v. State
, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh’g).  We will not disturb a trial court’s ruling as long as it is within the zone of reasonable disagreement.  
Id. 
at
 
391.  Evidence is relevant if it tends to make an elemental fact more or less probable.  
Id
. at 375.  To prove its case, the State was required to show that McLean was in fear that an offense would be committed against her property, and that a reasonable person would fear such an offense.
  Tex. Penal Code Ann.
 § 42.072(2), (3) (Vernon 2003).  McLean’s testimony that these offenses against her property had occurred was relevant to establishing her state of mind at the time of the events in the indictment.
  See Clements v. State
, 19 S.W.3d 442, 448 (Tex. App.—Houston [1
st
 Dist.] 2000, no pet.) (holding incidents of stalking prior to date of indictment are relevant to establishing victim’s state of mind at time of offense).  We overrule appellant’s third point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (in reviewing legal sufficiency, we view all evidence in light most favorable to judgment and determine whether any rational trier of fact could have found essential elements of the crime beyond a reasonable doubt).

3:
Appellant’s argument that collateral estoppel precludes the State from relying on certain evidence is inapposite because there was only one trial in this case.  
See Ex parte Taylor
, 101 S.W.3d 434, 440 (Tex. Crim. App. 2002); 
Hite v. State
, 650 S.W.2d 778, 784 n.7 (Tex. Crim. App. 1983).  His argument that the evidence is legally insufficient due to a fatal variance between the allegations in the indictment and the proof at trial also fails.  The trial court specifically indicated that it found appellant guilty of stalking “as charged in the indictment.”  The evidence supports this finding.

4:
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000)
 (in reviewing factual sufficiency, we view all evidence in a neutral light and determine if supporting evidence is so weak, or contrary evidence so overwhelming, as to render the judgment clearly wrong or manifestly unjust). 

5:
This testimony is not character evidence, contrary to appellant’s assertion, because McLean never claimed that appellant did the acts described.  
See
 
Tex. R. Evid.
 404(a), (b); 
McKay v. State
, 707 S.W.2d 23, 31-32 (Tex. Crim. App. 1985), 
cert. denied
, 479 U.S. 871 (1986).