

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00152-CR

**JOHN WELLS DULANEY,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

---

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 34,755

---

## MEMORANDUM OPINION

---

A jury found Appellant John Wells Dulaney guilty of eight counts of possession of child pornography (counts 1, 2, 13, 14, 16, 17, 18, and 19). The trial court assessed his punishment at six years' imprisonment for count 1 and ten years' imprisonment for each of counts 2, 13, 14, 16, 17, 18, and 19. The court then suspended the ten-year sentences and placed Dulaney on community supervision for ten years.

In his first point, Dulaney contends that the trial court erred in permitting the State to introduce inadmissible hearsay evidence over his hearsay and confrontation

objections before the jury during the guilt-innocence phase of the trial. Kent Head, a criminal investigator for the Hill County Sheriff's Department, testified that Dulaney's daughter Jennifer, her boyfriend, and her younger brother Brandon came to the sheriff's department with several computer disks that they had discovered. Head testified that they told him the computer disks had been left with an old computer that Dulaney had given Brandon to play computer games. Head stated that Brandon found the disks and thought they were computer games but soon discovered that they contained child pornography. Dulaney objected to Head's testimony as hearsay. The trial court sustained the objection in part and overruled it in part. The trial judge stated that he would allow Head "to state the basis of his investigation" but would not admit the testimony "for the truth of the matter therein stated."

Dulaney's first issue fails for two reasons. First, Dulaney has not preserved his Confrontation Clause complaints because he did not object on that basis. *See* TEX. R. APP. P. 33.1(a); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (trial objection on hearsay grounds failed to preserve error on Confrontation Clause grounds); *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (Confrontation Clause argument waived by failing to object on that basis). Second, assuming without deciding that the admission of the testimony was error, it was cumulative of other evidence and thus harmless. *See* TEX. R. APP. P. 44.2; *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986).

Brandon testified as follows: Dulaney lived with him, his sister Jennifer, her boyfriend, and several children until a family disagreement arose. Dulaney left after

the disagreement, taking some of his "computer stuff" with him but leaving behind one computer that he said Brandon could have to play games. After playing games on the computer for several hours, Brandon began looking at Dulaney's other disks. He found some disks labeled "Fun" and thought they contained games or movies, but, when he opened one of the files on the disk, he discovered it was a pornographic video of a child. He then showed the disks to Jennifer's boyfriend, who showed them to Jennifer.

Jennifer also testified that Dulaney had left a computer for Brandon to use; Brandon found a disk, and she, her boyfriend, and Brandon viewed the disk, which contained child pornography; Brandon then retrieved the remainder of the disks that Dulaney had left, and they also contained child pornography. Jennifer's boyfriend testified that Brandon brought him some disks and told him that he needed to see what was on them; the disks contained a lot of pornography and some child pornography; and he then showed Jennifer what was on the disks. Dulaney's first point is thus overruled.

In his second point, Dulaney argues that the trial court erred in entering a cumulation order predetermining sentencing upon revocation of community supervision. The trial court's judgment states that, if revoked, the ten-year sentences for counts 2 and 13 shall run consecutively to each other and to the six-year sentence for count 1 and that the ten-year sentences for counts 14, 16, 17, 18, and 19 will run concurrently with counts 1, 2 and 13.

We find that Dulaney's argument is premature. The predetermined sentence may never actually be imposed because Dulaney may successfully complete his

community supervision. Dulaney's argument is thus not ripe for review until the trial court revokes community supervision and imposes the sentences. We overrule Dulaney's second point.

In his third point, Dulaney contends that he was denied the double jeopardy protection afforded by both the Texas and United States Constitutions under the doctrine of collateral estoppel. More specifically, he argues that the only evidentiary issue in the case was whether he *possessed* the child pornography, and therefore, because the possession evidence was the same for each pornographic image, his acquittal on thirteen of the twenty-one counts requires acquittal on the other eight counts.

"[C]ollateral estoppel is a component of federal constitutional double jeopardy jurisprudence. . . ." *Reynolds v. State*, 4 S.W.3d 13, 19 (Tex. Crim. App. 1999); *accord Ladner v. State*, 780 S.W.2d 247, 250 (Tex. Crim. App. 1989). Collateral estoppel is the principle that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Collateral estoppel, however, does not apply to the present case. The *Ashe* doctrine of collateral estoppel only applies where there are two trials, and not where a single trial involves multiple counts. *Hite v. State*, 650 S.W.2d 778, 784 n.7 (Tex. Crim. App. 1983); *Ward v. State*, 938 S.W.2d 525, 528 (Tex. App.—Texarkana 1997, pet. ref'd). Dulaney's argument instead is more accurately described as a complaint about an inconsistent verdict. However, this argument also fails.

In *Dunn v. United States*, 284 U.S. 390, 393-94, 52 S.Ct. 189, 190-91, 76 L.Ed. 356 (1932), the Supreme Court held that a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count. The Supreme Court reaffirmed the *Dunn* decision in *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). In *Powell*, the Court stated, "[W]here truly inconsistent verdicts have been reached, '[t]he most that can be said … is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'" *Id.* at 64-65, 105 S.Ct. at 476 (quoting *Dunn*, 284 U.S. at 393, 52 S.Ct. at 190). Thus, even if an inconsistent verdict is shown by the jury's verdict in this case, no error has been shown.[1] Dulaney's third point is overruled.

Having overruled all of Dulaney's points, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
　　　Justice Reyna, and
　　　Justice Davis
Affirmed
Opinion delivered and filed February 10, 2010
Do not publish
[CR25]

---

[1] To the extent Dulaney also contends in his third point that the evidence is insufficient to support his conviction, the complaint is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1 (h), (i).