

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00356-CR

_____

DAVID WALTER BRIDGMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Dallam County, Texas
Trial Court No. 4358; Honorable Ron Enns, Presiding

May 18, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, David Walter Bridgman, was convicted in a bench trial of theft of property valued at $1,500 or more but less than $20,000, a state jail felony,[1] enhanced to a second degree felony by two prior felony convictions.[2]

---

[1] TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West Supp. 2015). Two years after commission of the offense at issue, the statute was amended to increase the value of property to more than $2,500 but less than $30,000 for state jail felony theft. _See_ Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4213.

[2] TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2015).

Punishment was assessed at confinement for seven years. By a sole issue, Appellant contends the evidence is insufficient to support his conviction. We affirm.

BACKGROUND

Appellant was accused of theft of tools and equipment used in the plumbing trade that he suspected had been stolen by another person. The complainant, Robert White, a self-employed plumber, was looking in his warehouse for particular tools used only occasionally when he discovered numerous items missing. He realized his business had been burglarized and called the police. Over the next several days, he compiled a spreadsheet of the missing items, the cost of each, and whether the item had been recovered.

About a week after the theft, an officer on patrol observed a white pickup with expired registration parked in front of a house in a known drug area. He observed three males and one female exit the house and the three males loading tool cases in the back of the pickup. He recognized one of the individuals as Appellant. Unsure if the house was being burglarized, the officer decided to investigate further. When he attempted to contact the individuals, the males ran inside the house and locked the door while the female remained outside. The female, one of the homeowners, could not explain why the males had run into the house. The officer looked in the back of the truck which was in open view and observed items he believed were connected to the theft of White's plumbing business. He called a detective and an investigator to the scene and they began an investigation. White was also called to come to the scene to identify the items in the pickup. He identified the items as his because they are specific to his industry and some of the items had "W"s marked on them.

With permission from the female owner, the officers eventually entered the house where the males were holed up. The house was cleared and Appellant was found lying in bed pretending to be asleep. The female consented to a search. White's air compressor was found underneath a blanket.[3] Appellant and one of the other males were then arrested.

APPLICABLE LAW

A person commits theft if he (1) unlawfully appropriates property (2) with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015). The Penal Code further provides that appropriation is unlawful if it is obtained without the owner's "effective consent." *Id.* at (b)(1). Appropriation of property is also unlawful if it is stolen and the accused appropriates the property knowing it was stolen by another. *Id.* at (b)(2). "Appropriate" is defined as acquiring or otherwise exercising control over property other than real property. *Id.* at § 31.01(4)(B). At the time of commission of the alleged offense, if the value of the property was more than $1,500 but less than $20,000, it was a state jail felony. *Id.* at (e)(4)(A).

Appellant challenges the sufficiency of the evidence to support his theft. Relying on *Hardesty v. State*, 656 S.W.2d 73, 77 (Tex. Crim. App. 1983), and *Jackson v. State*, 645 S.W.2d 303, 306 (Tex. Crim. App. 1983), he maintains there is no evidence to show he carried the stolen items to the pickup, that he possessed the pickup, or that his close proximity to the items inferred he exercised any possession over those items. We disagree.

---

[3] It is immaterial that some items were found in the back of the pickup and others were in the house. When numerous items are stolen at the same time, recent, unexplained, personal possession of any one item is sufficient to support an inference of theft. *Hite v. State*, 650 S.W.2d 778, 781 (Tex. Crim. App. 1983).

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 912. In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131, 120 S. Ct. 2008, 146 L. Ed. 2d 958 (2000).

ANALYSIS

At trial, White described the stolen items and their value. The stolen items included a ProShot Laser used for working on sewer lines that originally cost him $10,000, a Hilti TE5 hammer drill and bits, a Hilti 805 jack hammer, water pipes, an electric pipe cutter, chargers and batteries, a drill and bits, an air compressor, a wire locator, a cast iron pipe cutter, pipe threaders, and a saw. He estimated the total value of the stolen items to be $19,160. Some, but not all, of the items were recovered.

4

White identified photos of the stolen items. He testified that Appellant was not his employee and did not have permission to possess his plumbing tools and equipment. On cross-examination, he testified that no other plumbers in Dalhart specialized in his type of plumbing business.

After being arrested, Appellant gave a recorded statement to the investigator. He claimed that another individual had stolen the items from White's plumbing warehouse and he was "suspicious" they were stolen. He acknowledged carrying tools out of the house and to the pickup and stated he "figured they were stolen." When questioned about his intent in possessing the tools, he claimed he was attempting to return them to the owner although he did not know the owner. He also told the investigator he did not own the white pickup, but he had the owner's permission to drive it.

A police department employee testified that in his six years' experience, he had an occasion to interact with Appellant. Although he could not be sure of the exact date, he had seen Appellant driving the white pickup in which the stolen tools were found. The officer who initially discovered the stolen items also testified he had seen Appellant drive the white pickup on "numerous occasions."

When a defendant is in possession of recently stolen property and fails to provide a reasonable explanation, the trier of fact may draw an inference of guilt as to the theft of that property. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). Such an inference is not, however, conclusive and the State must still prove each element of the crime beyond a reasonable doubt. *Cocke v. State*, 201 S.W.3d 744, 747 n.4 (Tex. Crim. App. 2006); *Hardesty,* 656 S.W.2d at 77.

5

If, however, a defendant offers an explanation for his possession of recently stolen items, the record must demonstrate that the defendant's explanation at the time his possession is called into question is either false or unreasonable before the evidence will support an inference of guilt. *Jackson v. State*, 12 S.W.3d 836, 839 (Tex. App.—Waco 2000, pet. ref'd). Whether an explanation is true or reasonable is a question of fact for the trier of fact. *Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.). The falsity of the explanation may be shown by circumstantial evidence. *Jackson*, 12 S.W.3d at 840.

Here, the evidence established that the responding officer observed Appellant carrying tools from the house to the pickup. Appellant told the investigator the items were already in the house when he arrived and he carried tools to the pickup to help get them out of the house. Although Appellant suspected who had actually stolen the items, his explanation to the investigator that he intended to return the stolen items to the "rightful owner" infers his knowledge that the items were stolen and that he exercised control over them. Under these circumstances, it is certainly reasonable to conclude the trier of fact found Appellant's explanation for being in possession of the recently stolen items to be false or unreasonable.

Additionally, Appellant admitted to the investigator he had permission to drive the pickup containing the stolen items and certain members of law enforcement had previously seen him drive the pickup. Based upon these facts, we find the judge as factfinder was faced with sufficient evidence to permit him to infer Appellant's possession of recently stolen property as an inference supporting a finding of guilt.

6

Moreover, there is additional circumstantial evidence that Appellant attempted to avoid detection and arrest by running back into the residence, locking the door, and feigning sleep. Attempts to avoid police apprehension are also circumstances from which an inference of guilt may be drawn. *Burks v. State,* 876 S.W.2d 877, 903 (Tex. Crim. App. 1994); *Rumbaugh v. State,* 629 S.W.2d 747, 752 (Tex. Crim. App. 1982). Therefore, viewing all the evidence in the light most favorable to the verdict, we conclude it is sufficient to support Appellant's theft conviction. His sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.